*10 OPINION of the Court, by
Ch. J. Boyle.
The onj„ p0;nt which seems material to be decided in this ‘ f case, is, whether an endorsement on a deed made alter *11 the execution of the deed, and not sealed by the parties, becomes a part of the deed and may be declared on in an action of covenant.
All the authorities seem to agree, that where any matter is underwritten or endorsed upon the deed at the time the deed is executed, it becomes a component part of the deed and may be so treated in pleadin g* But we have not been able to find any case at common law, in which an under writing or endorsement'made at another time, has been held to be a part of the original deed. In the case of Cook vs. Remington, 6 Mod. 237, it was expressly decided that an endorsement made after the time of the execution of the deed, ought not tó be taken as a part of the deed. Upon principle this doctrine seems to be correct. An agreement made and endorsed at a different time, is in fact a different agreement. If it be sealed and delivered, it becomes a new deed, and must be so treated ; but if it be not sealed and delivered, to take it as pa t of the original deed, would be imposing upon the party an obligation which the law creates only in respect to certain solemnities, when the transaction was not in truth accompanied by thos; solemnities.
The demurrer therefore to the declaration in this case, we think was correctly sustained by the'eourt below. — —Judgment affirmed.