## G. W. & J. A. KEY *vs.* CROSS, ADAMS & CO.

The indorsement of a memorandum of a promissory note or instrument at the time of its execution, if it be designed by the parties that it should constitute an integral part of the bill single or promissory note, becomes so as effectually as if·the terms of the memorandum had been embodied in the bill single upon which it is indorsed. *Held*, that the jury erred in disregarding the memorandum indorsed on the writing sued on, and the court below should have granted a new trial.

IN error from the circuit court of Tishamingo county; Hon. Hugh R. Miller, judge.

The facts of the case will be found sufficiently stated in the opinion of the court.

*B. N. Kinyon,* for·plaintiffs in error.

Two writings executed at the same time in relation to the same subject-matter have, in many instances, been deemed one instrument, with a view to the construction of either. 2 Notes to Phil. Ev. by C. & H. 1421, and cases cited.

The memorandum itself, as indorsed on the note, was of itself conclusive evidence to the jury that the defendants in the court below were released from any individual liability upon the instrument sued on, and it was a good defence. *Dilling-, ham* v. *Estill,* 3 Dana, 21; 2 Notes to Phil. Ev. by C. & H. 1421, 1422; Ib. 1461, 1462, and cases cited. The error of the circuit court seems to be so manifest, that it is entirely unnecessary to notice further.

*B. C. Rives,* for defendants in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action of debt founded upon a sealed note executed by plaintiffs in error, who at the time of its execution

were the administrator and administratrix, with the will annexed, of Ezekiel Key, deceased.

The defendants filed four special pleas in bar of the action, setting up substantially the same ground of defence, which was, that at the time of the execution of the bill single, upon which the suit was brought, one of the plaintiffs made the following indorsement in writing, upon the said instrument, to wit: " Memorandum — The within note is not binding on G. W. Key and Jane Ann Key individually, but is an estate debt. This 22d July, 1847. Signed Alphonso Cross." This indorsed memorandum is averred to have been made simultaneously with the execution of the bill single, and intended as an integral part of the same to operate as a release of the individual liability of the defendants. There was a demurrer to these pleas, which was properly overruled, and issue joined upon each of them. The cause having been submitted on these issues, the jury found for the plaintiffs; whereupon a motion was made for a new trial. This motion was overruled and a bill of exceptions was filed to the decision on the motion, and the evidence offered to the jury was embodied therein.

From this evidence it appears, that the memorandum was indorsed upon the obligation at the time of its execution, by one of the payees therein. Upon well settled doctrine, the memorandum thus indorsed, if it were designed by the parties that it should constitute an integral part of the bill single, becomes so as effectually as if the terms of the memorandum had been embodied in the bill itself. *Fales* v. *Jones*, 4 Mass. R. 245; *Williams* v. *Handley*, 3 Bibb, 10; 4 N. Hamp. Rep. 171.

The question then for the jury was, whether the indorsement was intended to constitute a component part of the bill single or not. They found that it did not, but we think, erroneously. Their verdict, in our opinion, is against the evidence in the cause.

Let the judgment be reversed and cause remanded, and a new trial awarded.